UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Perla A. Hernandez, | Case No. 2:14-cv-01171-RFB-GWF |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America, N.A., | |
| Defendant. | |

## I.   INTRODUCTION

Before the Court are Plaintiff's and Defendant's Motions for Summary Judgment. (ECF Nos. 21, 29). This case arises from Defendant's allegedly improper attempts to collect on and report Plaintiff's debt, which she claims she does not owe. Based on the reasons below, the Court grants Defendant's Motion for Summary Judgment (ECF No. 29) and denies Plaintiff's Motion for Summary Judgment (ECF No. 21).

## II.   BACKGROUND

### A. Factual Allegations

Plaintiff alleges the following in her Amended Complaint. ECF No. 17. Plaintiff alleges that Defendant BOA has repeatedly attempted to collect debts that Plaintiff does not owe. Am. Compl. ¶ 5.

On or about January 2, 2014 Plaintiff received a dunning notice by Defendant. Plaintiff claims she does not owe the loan reported on the notice. Id. ¶ 6. Plaintiff then served Defendant with a Notice of Validation of Debt on June 23, 2014 to verify the alleged debt. Id. ¶ 7 Plaintiff received a response on July 2, 2014 in which the Defendant "identified the Bank of New York." Id. ¶ 8.

On April 4, April 29, and July 8, 2014, Plaintiff obtained consumer credit reports and learned that Defendant reported this debt to the three reporting agencies. Plaintiff filed disputes with the three credit reporting agencies on July 14, 2014. Id. ¶ 9.

Plaintiff alleges the following causes of action: 1) violations of the FCRA under Section 1681i; 2) negligent, wanton, and/or intentional hiring supervision; and 3) violations of the FDCPA including Sections 1692 d, e, f, j, and i. Plaintiff seeks monetary, declaratory, and injunctive relief.

### B. Procedural History

Plaintiff filed her Complaint against Defendant on July 17, 2014. ECF No. 1. Defendant filed a Motion to Dismiss on August 8, 2014. ECF No. 5. The Court granted in part and denied in part Defendant's Motion on April 17, 2015. ECF No. 15.

Plaintiff filed an Amended Complaint on May 18, 2015. ECF No. 17.

Plaintiff filed a Motion for Summary Judgment on October 9, 2015. ECF No. 21. Defendant filed a Counter Motion for Summary Judgment on November 16, 2015. ECF No. 29.

The Court held a hearing on July 6, 2016 regarding the motions.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011).

Where the party seeking summary judgment does not have the ultimate burden of persuasion at trial, it "has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its [initial] burden of

1  production, the moving party must either produce evidence negating an essential element of the
2  nonmoving party's claim or defense or show that the nonmoving party does not have enough
3  evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. If the
4  movant has carried its initial burden, "the nonmoving party must produce evidence to support its
5  claim or defense." Id. at 1103. In doing so, the nonmoving party "must do more than simply
6  show that there is some metaphysical doubt as to the material facts . . . . Where the record taken
7  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
8  genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal
9  quotation marks omitted). However, the ultimate burden of persuasion on a motion for summary
10 judgment rests with the moving party, who must convince the court that no genuine issue of
11 material fact exists. Nissan Fire, 210 F.3d at 1102.

### IV.    UNDISPUTED FACTS

The Court finds the following facts to be undisputed. Plaintiff is the former owner of the property located at 9975 Peace Way, Unit #2050, Las Vegas, Nevada, 89147. On February 28, 2005, Plaintiff executed a promissory note (the Note) for $203,841.00 for the purchase of the Property and in favor of Countrywide Home Loans, Inc. Also on February 28, 2005, Plaintiff executed a deed of trust (the Deed of Trust) against the Property, securing her payment obligations under the Note. The Deed of Trust was also in favor of Countrywide Home Loans, Inc. (Lender) and named Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for the lender and its successors and assigns.

Countrywide Home Loans Servicing, LP, became the servicer of the Loan as of June 1, 2005. On April 27, 2009, Countrywide Home Loans Servicing, LP merged with and into BAC Home Loans Servicing, LP (BACHLS). BACHLS also became the servicer of the Loan on April 27, 2009.

On February 24, 2011, MERS assigned the Deed of Trust to The Bank of New York Mellon ("BNYM") f/k/a The Bank of New York as Trustee for the Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2005-AB1.

1. On July 1, 2011, BACHLS merged into BANA and the servicing of Plaintiff's loan transferred from BACHLS to BANA. BANA is the current servicer of Plaintiff's Loan and BNYM is the current holder of the Note and has the original Note in its possession. BNYM has authorized BANA, as servicer of the Loan, to act on behalf of BNYM with respect to the Loan.

2. Plaintiff defaulted on the Loan in February 2008, by failing to make the monthly payments required under the terms of the Note and Deed of Trust.

3. On February 24, 2011, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for The Certificate holders of CWABS, Inc., Asset Backed Certificates, Series 2005-AB1 By BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, By BAC GP, LLC, its General Partner, as Attorney In Fact executed a Substitution of Trustee, naming ReconTrust Company, N.A. (ReconTrust) as trustee.

4. On February 24, 2011, ReconTrust recorded a Notice of Default and Election to Sell. On May 25, 2011, ReconTrust recorded a foreclosure mediation certificate, identifying the Property as a non-applicable property and allowing foreclosure to proceed.  ReconTrust recorded Notices of Trustee's Sale on March 6, 2012, September 11, 2012, and February 27, 2013.

5. On June 6, 2011, Plaintiff recorded an "Affidavit of Fact" and on June 28, 2011, Plaintiff recorded a fraudulent deed of full reconveyance, purporting to reconvey the property to herself based upon "satisfaction of the obligation secured" by the deed of trust. Thereafter, on November 16, 2011, ReconTrust recorded an Affidavit of Erroneous Recordation concerning plaintiff's fraudulent recordation of a deed of full reconveyance.  The Trustee's Sale of the Property took place on March 18, 2013.

6. On August 2, 2013, Plaintiff filed suit against BANA and ReconTrust in this Court, Case No. 2:13-cv-1365-GMN-CWH, challenging the foreclosure on the grounds that her debt had been paid in full, and alleging that the foreclosure was based on fraudulent documents (the First Action).  In the First Action, Plaintiff filed as an exhibit to her Complaint an affidavit stating that her loan was "invalid . . . since the lender did not, in fact, provide an actual loan to [Plaintiff]." This Court found that statement to be "demonstrably false."  Ultimately, this Court dismissed the First Action with prejudice on April 14, 2014, finding bad faith on the part of Plaintiff.

## V. DISCUSSION

### A. Collateral Estoppel

First, Defendant argues it is entitled to summary judgment because collateral estoppel bars Plaintiff's claims to the extent these claims are based on a theory that the debt does not exist. The Court agrees.

"[T]he determination of a question directly involved in one action is conclusive as to that question in a second suit." B & B Hardware, Inc. v. Hargis Indus., Inc., 135 S. Ct. 1293, 1302 (2015). "[T]he general rule is that when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Id. at 1303. "To foreclose relitigation of an issue under collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992).

The Court agrees with Defendant that the question of whether the alleged debt in this case existed, and therefore whether Defendant violated the FCRA, FCDPA, and engaged in negligent hiring as it relates to this debt, has been determined previously in Case No. 2:13-cv-01365. Plaintiff does not respond to Defendant's collateral estoppel argument, but argues instead that her claims in this case are distinct than those in the previous case. However, just because a Plaintiff alleges different causes of action in different cases, this does not bar a finding of collateral estoppel.

Reviewing the elements established in Clark, the Court finds that the Plaintiff is foreclosed from relitigating this issue under collateral estoppel. 966 F.2d at 1320. First, the Court finds the issue at stake—whether the underlying loan was valid—to be identical to the one alleged in the prior litigation. Second, the Court finds that the issue was actually litigated in the prior litigation. Third, the Court finds that the determination of the issue in the prior litigation

1 was a critical and necessary part of the judgment in the earlier action. In that case, the Court
2 found that the debt was valid and failure to pay the debt was a valid basis for foreclosure; the
3 Court therefore granted the Defendant's Motion to Dismiss.

4 Therefore, the Court finds that Plaintiff's claims are barred to the extent these claims are
5 based on a theory that the debt does not exist based on collateral estoppel.

### B. Plaintiff's FCRA Claim

Second, Defendant argues that the Court should grant summary judgment in favor of BANA on Plaintiff's FCRA claim because: 1) the undisputed facts show that the information reported to the credit reporting agencies was accurate; 2) Plaintiff has also failed to produce evidence which establishes the investigation BANA performed to confirm the accuracy of its reporting was unreasonable; 3) Plaintiff has not produced any evidence of actual damages resulting from the alleged violation.

"Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009) (internal citation omitted). In the Ninth Circuit, to succeed on an FCRA claim under Section 1681i, a plaintiff must first show that an inaccuracy existed in his credit reports. Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 890 (9th Cir. 2010) (holding that although the FCRA's reinvestigation provision "does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement"). In fact, the Ninth Circuit has held in an unpublished opinion that FCRA violations under Section 1681 et seq generally require a prima facie showing of inaccuracy. See Kruse v. Experian Information Solutions, Inc., 471 Fed. Appx. 714, 715 (9th Cir. 2012) ("Summary judgment was properly granted in favor of Experian because Kruse has not shown any inaccuracies in his credit report, as is required to maintain an FCRA claim.").

Because the Court finds that the record establishes that the information Defendant reported in this case was not inaccurate, the Court finds that Plaintiff fails to state an FCRA claim. Carvalho, 629 F.3d at 890. Namely, the record shows that Plaintiff defaulted on her loan

1  in February of 2008 by failing to make the monthly payments required under the terms of the
2  Note and Deed of Trust. From February of 2008, until the sale of the Property on March 18,
3  2013, Plaintiff remained in default on her Loan. The Court finds that based on the evidence
4  before it, Defendant correctly reported to the CRA's that Plaintiff had defaulted on her loan.
5  Therefore, the Court grants summary judgment in favor of the Defendant on Plaintiff's first
6  claim under the FCRA.

7  The Court does not reach Defendant's remaining arguments as to whether or not Plaintiff
8  has: failed to produce evidence which establishes the investigation BANA performed to confirm
9  the accuracy of its reporting was unreasonable; or produced any evidence of actual damages
10 resulting from the alleged violation.

**C.  Plaintiff's Negligence Claim**

12 Third, Defendant argues that Plaintiff has set forth no admissible evidence in support of
13 her negligent hiring or supervision of incompetent employees claim, or her FDCPA claim.

14 "[The Nevada Supreme Court] has held that an 'employer has a duty to use reasonable
15 care in the training, supervision, and retention of his or her employees to make sure that the
16 employees are fit for their positions.' The tort of negligent training and supervision imposes
17 direct liability on the employer if (1) the employer knew that the employee acted in a negligent
18 manner, (2) the employer failed to train or supervise the employee adequately, and (3) the
19 employer's negligence proximately caused the plaintiffs injuries. When liability is based on
20 negligent supervision instead of respondeat superior, whether the employee acted within the
21 course and scope of employment is immaterial." Helle v. Core Home Health Servs. of Nevada,
22 238 P.3d 818 (Nev. 2008).

23 Upon review of the record the Court does not find, outside bare allegations in Plaintiff's
24 Amended Complaint and unauthenticated documents attached to her Amended Complaint, any
25 admissible evidence that establishes negligent supervision and training on the part of the
26 Defendant.  Therefore, the Court grants Defendant summary judgment on Plaintiff's negligent
27 hiring and supervision claim. The Court does not address whether Defendant owed her a duty in
28 this case, but notes that the Supreme Court of Nevada has held that an "employer has a duty to

- 7 -

use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." Helle v. Core Home Health Servs. of Nevada, 238 P.3d 818 (Nev. 2008).

### D. FDCPA Claim

"The Fair Debt Collection Practices Act prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995). The Act specifies various prohibited practices, stating, for example, that a debt collector may not use violence, obscenity, or repeated annoying phone calls, 15 U.S.C. § 1692(d); may not falsely represent "the character, amount, or legal status of any debt," § 1692(e)(2)(A); and may not "unfair or unconscionable means to collect or attempt to collect" a consumer debt, § 1692(f). See id. "The FDCPA defines the phrase 'debt collector' to include:  (1) 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,' and  (2) any person 'who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'15 U.S.C. § 1692a(6)." Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013).

Defendant argues that it did not engage in a debt collection activity with respect to Plaintiff's loan. In her Amended Complaint, Plaintiff alleges that Defendant sent a Dunning Notice and attaches a copy of the alleged notice.  Plaintiff further alleges that Defendant knew it was not entitled to collect on this non-existent debt. In response, Defendant argues that the Dunning Notice was not an attempt at collection but rather an informational notice to Plaintiff that her loan is in foreclosure.

Based on the record before it, the Court does not find that Plaintiff has established that the Defendant violated her rights under the FDCPA. Beyond referencing the Dunning Notice, which is unauthenticated, Plaintiff has not alleged, let alone shown with evidence, specifically when or how Defendant has violated her rights under the FDCPA. Plaintiff does not provide evidence of how the Defendant engaged in FDCPA violations, such as false representation of the legal status of any debt, violence or obscenity or harassment tactics to collect debt, or unfairness

or unconscionability in collecting debt. See, e.g. 15 U.S.C. 1692(d), (e)(2)(A), (f). To the extent that she argues that the Defendant attempted to collect on an invalid debt, the Court has already rejected this argument. Therefore the Court GRANTS Defendant's motion as it relates to Plaintiff's FDCPA claim. The Court does not reach the question of whether Defendant is a debt collector or whether Defendant has actually violated the FDCPA, finding that Plaintiff has not shown or even alleged how the Defendant violated the FDCPA beyond the Dunning Notice, which is not in evidence.

### VI. CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is granted. ECF No. 29.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is denied as moot. ECF No. 21.

The Clerk of the Court shall close this case.

DATED September 27, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**